WILLIAM H. McSOLEY, Gdn. *et al. vs.* FRANK W. SLEPKOW, Admr.

JUNE 26, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J. This is a probate appeal, here on exceptions after trial of the appeal in the Superior Court.

On May 25, 1933, Alice E. Breault, formerly Alice E. Welch, died intestate leaving as heirs at law and next of kin

Henry G. Breault, her husband, and Woodrow W. Welch, a minor son by a former marriage, and Phebe Roullard, her mother. On the day after her death her husband, Henry G. Breault, filed a petition in the Probate Court of the City of Cranston asking that he or some other suitable person be appointed administrator of her estate.

On June 30, 1933, on petition of Woodrow W. Welch, said court appointed William H. McSoley guardian of the person and estate of said Woodrow W. Welch. The probate court refused to appoint Henry G. Breault or William H. McSoley as administrator of said estate and appointed the appellee, Frank W. Slepkow, a stranger to the estate. Both Breault, and McSoley appealed.

The refusal to appoint McSoley appears to have been on the ground that, as guardian of the person and estate of Woodrow W. Welch, he had or might have an interest adverse to himself as administrator of the estate of Alice E. Breault in a fund represented by a bank deposit standing in the name of Alice E. Welch, trustee for Woodrow W. Welch.

In the Superior Court at the close of the testimony, Breault, in open court, relinquished his claim to the appointment and the trial justice directed the jury to return a verdict sustaining the appeal and appointing McSoley as administrator of said estate.

The appellee summarizes the questions raised by his exceptions as follows: (1) On appeal from a decree of a probate court, appointing an administrator, is the Superior Court limited to the propriety of the action of the probate court decision? (2) If there was a possibility of adverse interest existing between the administrator of the estate of Alice E. Breault, and the guardian of Woodrow W. Welch, was it proper to appoint the same person to administer both estates? (3) Was there sufficient evidence in the Superior Court on the issue there tried to require the trial justice to submit the matter to the jury rather than to direct a verdict?

In appeals to the Superior Court from orders of probate courts under our practice the question raised by the appeal

is in most cases tried *de novo.* Although the procedure by which the case is removed from the probate court to the Superior Court is called an appeal, the Superior Court is not an appellate court in the sense that it simply reviews the action of the probate court and confirms or reverses the same. Except in cases where a different procedure is indicated by statute (see *Roullard* v. *McSoley*, 54 R. I. 232) the question brought to the Superior Court by the appeal is heard and determined essentially *de novo.* *Vaill* v. *McPhail*, 34 R. I. 361; *Kenyon* v. *Hart*, 38 R. I. 524; *MacKenzie & Shea* v. *R. I. Hospital Trust Co.*, 45 R. I. 407.

It follows that if there is a change in circumstances affecting the question to be determined occurring after the appeal is taken, such change of circumstances may be shown at the trial in the Superior Court.

After the entry of the order appointing the appellee administrator, a suit in equity was instituted by said administrator to determine the ownership of the aforesaid fund. The Superior Court by decree determined that said fund belonged to the administrator of the estate of Alice E. Breault.

Consequently, as any disqualification of the guardian of Woodrow W. Welch had been removed by the action of the Superior Court in said equity suit, said guardian was entitled to the appointment as administrator by virtue of Sec. 10, Chap. 363, G. L. 1923, as interpreted by this court. *Emsley* v. *Young*, 19 R. I. 65; *Johnson* v. *Johnson*, 15 R. I. 109; *Mowry* v. *Latham*, 17 R. I. 480 and *Same* v. *Same*, 20 R. I. 786. There was no evidence as to the unfitness of the guardian to act as administrator sufficient to raise an issue for submission to a jury. It was therefore not error to direct the jury to return a verdict for the appellants.

The exceptions are all overruled and the case is remitted to the Superior Court for further proceedings following the verdict.

*William H. McSoley, Louis V. Jackvony*, for appellants.
*Judah C. Semonoff, Edmund J. Kelly*, for appellee.